Carlos F. Negrete, SBN 134658
**LAW OFFICES OF CARLOS F. NEGRETE**
27422 Calle Arroyo
San Juan Capistrano, CA 92675-2747
Phone:      (949) 493-8115
Fax:        (949) 493-8170

Attorneys for James Folsom

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 08-CR-1092-JAH |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF POINTS** |
| ) | **AND AUTHORITIES IN SUPPORT** |
| ) | **OF DEFENDANT'S MOTIONS** |
| v. ) | **TO:** |
| ) | |
| ) | 1)    **COMPEL DISCOVERY; and** |
| JAMES FOLSOM ) | 2)    **FOR LEAVE TO FILE** |
| ) | **FURTHER MOTIONS** |
| ) | |
| Defendant. ) | |
| ) | |

## I.

## STATEMENT OF FACTS

Without admitting to the facts as set forth herein, the Government alleges that James Folsom conspired together and with others to commit an offense against the United States, to wit: to introduce into interstate commerce a device that is adulterated in that it lacks approval for marketing from the Food and Drug Administration, in violation of Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).

The government has been presumably investigating Mr. Folsom for approximately 10 years.

It is alleged that between on or about October 15, 2002, and continuing through on or about just prior to obtaining the Indictment, within the Southern District of California, James Folsom introduced into interstate commerce a device, to wit, the Energy Wellness machine, that is adulterated in that it

1  lacks approval for marketing from the Food and Drug Administration, a misdemeanor, in violation of
2  Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).
3      Recently, approximately 2 weeks ago, investigators for the government disclosed that the
4  government has over "50 boxes of document." These documents were requested by Mr. Folsom. The
5  government has refused to allow inspection or production of these documents, or even a log (which
6  was represented to be provided.) The government is only allowing two (2) boxes of documents.

## II.
## MOTION TO COMPEL FURTHER DISCOVERY

9   (1)  <u>The Defendant's Statements</u>. Under Fed. R. Crim. P. 16 (a)(1)(A), the defendant is
10  entitled to the disclosure of <u>All</u> copies of any written or recorded statements made by the defendant; the
11  substance of any statements made by the defendant which the Government intends to offer in evidence
12  at trial; any response by trial exposure defendant to interrogation; the substance of any oral statements
13  which the Government intends to introduce at trial, and any written summaries of the defendant's oral
14  statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u>
15  warnings which may have been given to the defendant (<u>see</u> <u>United States v. McElroy</u>, 697 F.2d 459 (2d
16  Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim.
17  P. 16(a)(1)(A). The Advisory Committee Notes, as well as the 1991 amendments to Rule 16, make it
18  clear that the Government must reveal <u>all</u> of the defendant's statements, whether oral or written,
19  regardless of whether the Government intends to introduce those statements.

20  (2)  <u>Arrest Reports, Notes, and Audio and/or Video Tapes</u>. Mr. Folsom also specifically
21  requests that all arrest reports, notes, and all audio and/or video tapes that relate to the circumstances
22  surrounding his arrest or any questioning, if such reports, notes, records, reports, transcripts, or other
23  documents in which statements of the defendant or any other discoverable material is contained. This
24  is all discoverable under Fed. Rule. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).
25  (<u>See</u> <u>also</u> <u>United States v. Johnson</u>, 525 F.2d 911 (9th Cir. 1968).) Arrest reports, investigator's notes,
26  memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to
27  the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26:2 and 12(I).
28  (3)  <u>Reports of Tests and/or Examinations</u>. Pursuant to Fed. R. Crim. P. 169(D),

Mr. Folsom requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence obtained in this case that is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or which are intended for use by the Government as evidence in chief at the trial. Mr. Folsom also requests copies of any reports of physical and mental examinations which are material to the defense or intended for use by the Government as evidence at the trial. (Fed. R. Crim. P. 16(a)(1)(D).)

(4) <u>Brady Material</u>. Mr. Folsom requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case. Impeachment, as well as exculpatory evidence, falls within <u>Brady's</u> definition of evidence favorable to the accused. (<u>United States v. Bagley</u>, 473 U.S. 667 (1985).) This request specifically includes any information about out-of-court identifications of Mr. Folsom by percipient witnesses to any transactions.

(5) <u>Evidence Seized</u>. Mr. Folsom requests that all surveillance and any other relevant tapes, photographs, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request specifically includes, but is not limited to, any and all audio tapes of monitored telephonic communications, and any evidence seized from any third party. It is requested that the Government be ordered to <u>question</u> all of the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists and, if it does exist, to inform those parties to preserve any such evidence. Specifically, the defense requests the preservation and opportunity to inspect and copy all physical evidence that is allegedly involved in this case.

(7) <u>Tangible Objects</u>. Mr. Folsom requests, under Fed. R. Crim. P. 16(a)(2)(c), the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places, or copies of portions thereof, which are material to the defense or intended for use in the Government's case-in-

chief, or were obtained from or belong to the defendant.

(8) <u>Evidence of Bias or Motive to Lie</u>. Mr. Folsom requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. This request specifically includes, but is not limited to, any evidence that the percipient informant-witnesses are biased against the defendant, or has a motive to falsify or distort their testimony. (<u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).)

(9) <u>Impeachment Evidence</u>. Mr. Folsom requests any evidence that any prospective Government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609, and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>. (<u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); and <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).)

(10) <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Folsom requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. (<u>See</u> <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>Cert. denied</u>, 474 U.S. 945 (1985).)

(11) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. (<u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).)

(12) <u>Name of Witnesses Favorable to the Defendant</u>. Mr. Folsom requests the name of any witness who made an arguably favorable statement concerning the defendant. (<u>Jackson v. Wainright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 784 (5th Cir. 1979), <u>cert denied</u>, 444 U.S. 1086 (1980).)

(13)  **Statements Relevant to the Defense**.  Mr. Folsom requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  (United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).)

(14)  **Jencks Act Material**.  The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2.  These materials are producible after a witness testifies at a pre-trial motion to suppress, Fed. R. Crim. P. 12(I), and after a witness testifies at trial.  (18 U.S.C. § 3500.)  Mr. Folsom specifically requests pre-trial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use and Jencks statements and prepare for cross-examination.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under 18 U.S.C. § 3500(e)(1).  (Campbell v. United States, 373 U.S. 487, 490-92 (1963).)  In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(15)  **Giglio Information**.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Folsom requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

(16)  **Grand Jury Transcripts**.  Transcripts of all testimony given before the Grand Jury and those portions of Grand Jury minutes containing relevant testimony of persons whom the Government intends to call as witnesses in an evidentiary hearing or trial in the above-captioned case.

(17)  **Government Examination of Law Enforcement Personnel Files**.  Mr. Folsom requests that the Government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informant in this case. Mr. Folsom requests that the Assistant U.S. Attorney assigned to this case ensure that a review is conducted of all such files involved in the present case for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory,

pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

(18)   Expert Witnesses. Mr. Folsom requests the name, qualifications, and a written summary of the testimony of any person that the Government intends to call as an expert witness during its case-in-chief. (Fed. R. Crim. P. 16(a)(1)(E).)

(19)   Any Information That May Result in a Lower Sentence. As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(20)   The Defendant's Prior Record. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).

(21)   Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(22)   Residual Request. Mr. Folsom intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Folsom also requests that the Government provide him with the above material sufficiently in advance of trial so as to avoid unnecessary delay prior to cross examination.

### III.

### MR. FOLSOM REQUESTS LEAVE TO FILE FURTHER MOTIONS

As noted above, Mr. Folsom and defense counsel have received voluminous discovery in this case. As new information comes to light, however, due to Government providing discovery in response to these motions or an order of this Court, the defense may find it necessary to file further

motions. It is therefore requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

### IV.

### **CONCLUSION**

    For the foregoing reasons, Mr. Folsom respectfully requests that this Court grant the above motions.

Dated: May 12, 2008                    Respectfully submitted,
                                                **LAW OFFICES OF CARLOS F. NEGRETE**


                                                _____s/ Carlos F. Negrete _____
                                                Carlos F. Negrete, Esq
                                                Attorneys for James Folsom