Carlos F. Negrete, Esq. SBN # 134658
**LAW OFFICES OF CARLOS F. NEGRETE**
27422 Calle Arroyo
San Juan Capistrano, CA 92675-2747
Telephone (949) 493-8115
Telefax    (949) 493-8170

Attorney for Defendant, James Folsom

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-1092-JAH |
|---|---|---|
| Plaintiff, | ) | *Hon. John A. Houston* |
| vs. | ) | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS TO:** |
| | ) | **1) COMPEL DISCOVERY; and** |
| | ) | **2) FOR LEAVE TO FILE FURTHER MOTIONS** |
| JAMES FOLSOM, | ) | |
| Defendant. | ) | Date: September 29, 2008 |
| | ) | Time: 9:00 a.m. |
| _____ | ) | Courtroom: 11 |

**I.**

**STATEMENT OF FACTS**

Without admitting to the facts as set forth herein, the Government alleges that James Folsom conspired together and with others to commit an offense against the United States, to wit: to introduce into interstate commerce a device that is adulterated in that it lacks approval for marketing from the Food and Drug Administration, in violation of Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).

The device in question is one that is fully legal and exempt from registration as the government

1
**MOTION TO COMPEL DISCOVERY**

incorrectly contends.

The government has been presumably investigating Mr. Folsom for approximately 10 years.

It is alleged that between on or about October 15, 2002, and continuing through on or about just prior to obtaining the Indictment, within the Southern District of California, James Folsom introduced into interstate commerce a device, to wit, the Energy Wellness machine, that is adulterated in that it lacks approval for marketing from the Food and Drug Administration, a misdemeanor, in violation of Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).

This has been nothing more that a *witch hunt* combined with a *fishing expedition*. It is clear that the government, through the F.D.A. is indignant that they cannot find a crime to punish Mr. Folsom with and has concocted the present case. Even though the government has struggled for 10 years to come up with some sort of illegality, it has yet to establish illegal conduct.

Previously, investigators for the government disclosed that the government has over "50 boxes of document." These documents were requested by Mr. Folsom. The government has refused to allow inspection or production of these documents, or even a log (which was represented to be provided.) Thereafter, and ultimately, as it turns out, there were approximately 200 boxes of evidence.

## II.

## MOTION TO COMPEL FURTHER DISCOVERY

(1)  The Defendant's Statements. Under Fed. R. Crim. P. 16 (a)(1)(A), the defendant is entitled to the disclosure of All copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by trial exposure defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes, as well as the 1991 amendments to Rule 16, make it clear that the Government must reveal all of the defendant's statements, whether oral or written, regardless of whether the Government intends to introduce those statements.

1       (2)     <u>Arrest Reports, Notes, and Audio and/or Video Tapes</u>.  Mr. Folsom also specifically
2  requests that all arrest reports, notes, and all audio and/or video tapes that relate to the circumstances
3  surrounding his arrest or any questioning, if such reports, notes, records, reports, transcripts, or other
4  documents in which statements of the defendant or any other discoverable material is contained.  This
5  is all discoverable under Fed. Rule. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).
6  (<u>See</u> also <u>United States v. Johnson</u>, 525 F.2d 911 (9th Cir. 1968).)  Arrest reports, investigator's notes,
7  memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to
8  the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26:2 and 12(I).

        (3)     <u>Reports of Tests and/or Examinations</u>.  Pursuant to Fed. R. Crim. P. 169(D),
Mr. Folsom requests the reports of all tests and examinations conducted upon the evidence in this case,
including, but not limited to, any fingerprint testing done upon any evidence obtained in this case that
is within the possession, custody, or control of the Government, the existence of which is known, or by
the exercise of due diligence may become known, to the attorney for the Government, and which are
material to the preparation of the defense or which are intended for use by the Government as evidence
in chief at the trial.  Mr. Folsom also requests copies of any reports of physical and mental
examinations which are material to the defense or intended for use by the Government as evidence at
the trial. (Fed. R. Crim. P. 16(a)(1)(D).)

        (4)     <u>Brady Material</u>.  Mr. Folsom requests all documents, statements, agents' reports, and
tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of
the Government's case.  Impeachment, as well as exculpatory evidence, falls within <u>Brady's</u> definition
of evidence favorable to the accused. (<u>United States v. Bagley</u>, 473 U.S. 667 (1985).)  This request
specifically includes any information about out-of-court identifications of Mr. Folsom by percipient
witnesses to any transactions.

        (5)     <u>Evidence Seized</u>.  Mr. Folsom requests that all surveillance and any other relevant tapes,
photographs, or any other physical evidence that may be destroyed, lost, or otherwise put out of the
possession, custody, or care of the Government and which relate to the arrest or the events leading to
the arrest in this case be preserved.  This request specifically includes, but is not limited to, any and all
audio tapes of monitored telephonic communications, and any evidence seized from any third party.  It

1  is requested that the Government be ordered to question all of the agencies and individuals involved in
2  the prosecution and investigation of this case to determine if such evidence exists and, if it does exist,
3  to inform those parties to preserve any such evidence.  Specifically, the defense requests the
4  preservation and opportunity to inspect and copy all physical evidence that is allegedly involved in this
5  case.

6    (7)    Tangible Objects.  Mr. Folsom requests, under Fed. R. Crim. P. 16(a)(2)(c), the
7  opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects,
8  including photographs, books, papers, documents, photographs of buildings or places, or copies of
9  portions thereof, which are material to the defense or intended for use in the Government's case-in-
10 chief, or were obtained from or belong to the defendant.

11   (8)    Evidence of Bias or Motive to Lie.  Mr. Folsom requests any evidence that any
12 prospective Government witness is biased or prejudiced against the defendant, or has a motive to
13 falsify or distort his or her testimony.  This request specifically includes, but is not limited to, any
14 evidence that the percipient informant-witnesses are biased against the defendant, or has a motive to
15 falsify or distort their testimony.  (Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v.
16 Strifler, 851 F.2d 1197 (9th Cir. 1988).)

17   (9)    Impeachment Evidence.  Mr. Folsom requests any evidence that any prospective
18 Government witness has engaged in any criminal act, whether or not resulting in a conviction, and
19 whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609, and
20 613.  Such evidence is discoverable under Brady v. Maryland, supra. (See United States v. Strifler,
21 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); and Thomas v. United States, 343 F.2d 49 (9th
22 Cir. 1965) (evidence that detracts from a witness' credibility).)

23   (10)   Evidence of Criminal Investigation of Any Government Witness.  Mr. Folsom requests
24 any evidence that any prospective witness is under investigation by federal, state, or local authorities
25 for any criminal conduct.  (See United States v. Chitty, 760 F.2d 425 (2d Cir.) Cert. denied, 474 U.S.
26 945 (1985).)

27   (11)   Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.
28 The defense requests any evidence, including any medical or psychiatric report or evaluation, tending

to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. (United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).)

  (12) Name of Witnesses Favorable to the Defendant. Mr. Folsom requests the name of any witness who made an arguably favorable statement concerning the defendant. (Jackson v. Wainright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 784 (5th Cir. 1979), cert denied, 444 U.S. 1086 (1980).)

  (13) Statements Relevant to the Defense. Mr. Folsom requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. (United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).)

  (14) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. These materials are producible after a witness testifies at a pre-trial motion to suppress, Fed. R. Crim. P. 12(I), and after a witness testifies at trial. (18 U.S.C. § 3500.) Mr. Folsom specifically requests pre-trial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use and Jencks statements and prepare for cross-examination. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under 18 U.S.C. § 3500(e)(1). (Campbell v. United States, 373 U.S. 487, 490-92 (1963).) In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

  (15) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Folsom requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

  (16) Grand Jury Transcripts. Transcripts of all testimony given before the Grand Jury and

those portions of Grand Jury minutes containing relevant testimony of persons whom the Government intends to call as witnesses in an evidentiary hearing or trial in the above-captioned case.

(17) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Folsom requests that the Government examine the personnel files and any other files within its custody, care, or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informant in this case. Mr. Folsom requests that the Assistant U.S. Attorney assigned to this case ensure that a review is conducted of all such files involved in the present case for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

(18) <u>Expert Witnesses</u>. Mr. Folsom requests the name, qualifications, and a written summary of the testimony of any person that the Government intends to call as an expert witness during its case-in-chief. (Fed. R. Crim. P. 16(a)(1)(E).)

(19) <u>Any Information That May Result in a Lower Sentence</u>. As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(20) <u>The Defendant's Prior Record</u>. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).

(21) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(22) <u>Residual Request</u>. Mr. Folsom intends by this discovery motion to invoke his rights to

discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Folsom also requests that the Government provide him with the above material sufficiently in advance of trial so as to avoid unnecessary delay prior to cross examination.

As of this date, despite this motion being previously filed, the government has only come forward and produced dozens of boxes (with tens of thousands of documents) that were seized under search warrants. There has not been a full disclosure of witnesses statements or information about personnel involved in this case.

### III.

### MR. FOLSOM REQUESTS LEAVE TO FILE FURTHER MOTIONS

As noted above, Mr. Folsom and defense counsel have received voluminous discovery in this case. As new information comes to light, however, due to Government providing discovery in response to these motions or an order of this Court, the defense may find it necessary to file further motions. It is therefore requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

At this point, Mr. Folsom's review of approximately 200 boxes of evidence seized was merely completed last week on September 3, 2008. There are over 50,000 pages of documents and more to be processed. Yet, there are still documents that are yet to be produced and/or reviewed. This has been a monumental task that has required over 5 people to be involved.

It is not practical, or even possible, that Mr. Folsom can yet properly and reasonably determine which motions can and/or should be filed.

The government has had **more than 10 years to prepare** its case. Now, Mr. Folsom is being required to prepare his defense and follow up on witnesses that go back more than 20 years.

Moreover, the government has not be forthright in producing all documents and is even now still developing its case.

There is a strong likelihood that a Motion to Dismiss should be filed, but not all statements of witnesses or exculpatory documents have been produced. The delay in bringing this indictment is, in

and of itself, strongly suggested in this case as is the failure to warn of illegal conduct. Yet, such motions cannot be presented until all of the government's conduct is exposed through discovery.

The government is unable to cite any prejudice since it has had over 10 years to present this case, whereas Mr. Folsom will be greatly prejudiced by the sheer volume of the information that must be processed.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Folsom respectfully requests that this Court grant the above motions.

Dated: September 8, 2008             Respectfully submitted,
                                     **LAW OFFICES OF CARLOS F. NEGRETE**


                                     _____s/ Carlos F. Negrete_____
                                     Carlos F. Negrete, Esq
                                     Attorneys for James Folsom