Carlos F. Negrete, Esq. SBN # 134658
**LAW OFFICES OF CARLOS F. NEGRETE**
27422 Calle Arroyo
San Juan Capistrano, CA 92675-2747
Telephone (949) 493-8115
Telefax    (949) 493-8170

Attorney for Defendant, James Folsom

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08-CR-1092-JAH |
| Plaintiff, ) | *Hon. John A. Houston* |
| ) | |
| vs. ) | **NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS** |
| ) | |
| JAMES FOLSOM, ) | Date:      September 29, 2008 |
| Defendant. ) | Time:      9:00 a.m. |
| ) | Courtroom:   11 |
| _____ ) | |

**TO THE HONORABLE JOHN A. HOUSTON; KAREN P. HEWITT, UNITED STATES ATTORNEY, AND MELANIE K. PEARSON, ASSISTANT UNITED STATES ATTORNEY:**

**PLEASE TAKE NOTICE** that on September 29, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, the Defendant, James Folsom, by and through his attorneys, Carlos F. Negrete, will ask this Court to issue an order granting the his Motion for Bill of Particulars.

1  Dated: September 29, 2008	Respectfully submitted,
	**LAW OFFICES OF CARLOS F. NEGRETE**


	_____s/ Carlos F. Negrete_____
	Carlos F. Negrete, Esq
	Attorneys for James Folsom

# MEMORANDUM OF POINTS & AUTHORITIES

## I.

## STATEMENT OF FACTS

Without admitting to the facts as set forth herein, the Government alleges that James Folsom conspired together and with others to commit an offense against the United States, to wit: to introduce into interstate commerce a device that is adulterated in that it lacks approval for marketing from the Food and Drug Administration, in violation of Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).

The device in question is one that is fully legal and exempt from registration as the government incorrectly contends.

The government has been presumably investigating Mr. Folsom for approximately 10 years.

It is alleged that between on or about October 15, 2002, and continuing through on or about just prior to obtaining the Indictment, within the Southern District of California, James Folsom introduced into interstate commerce a device, to wit, the Energy Wellness machine, that is adulterated in that it lacks approval for marketing from the Food and Drug Administration, a misdemeanor, in violation of Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).

This has been nothing more that a *witch hunt* combined with a *fishing expedition*. It is clear that the government, through the F.D.A. is indignant that they cannot find a crime to punish Mr. Folsom with and has concocted the present case. Even though the government has struggled for 10 years to come up with some sort of illegality, it has yet to establish illegal conduct.

Historically, what is known of the Rife device was endorsed, and even sanctioned, by the government. It was developed by Royal Rife in the early part of the last century and has been around since then. The device itself has been *grandfathered* and is exempt from governmental regulation and control. This has apparently infuriated the government with its close ties to the pharmaceutical and medical cartels.

The Indictment is riddled with ambiguity and conclusory averments suggesting fraud and purported misrepresentations, yet there is a complete lack of specificity.

Mr. Folsom is fully confident that he will be able to be vindicated and the Rife technology to be

proven to be valid and legal.  However, such cannot be done within a specific and precise disclosure of the government of the charges that are being waged against Mr. Folsom.

The indictment in this case charges 20 counts of various seeming hybrids of fraud. Although the government is required to establish one or more misrepresentations to support those charges, the indictment in this case offers no notice whatsoever about specific misrepresentations, the person who allegedly made them, or to whom they were made. Instead, the indictment simply claims that, generally, that Mr. Folsom *Introduced the device with the intent to defraud and mislead.*  The indictment also generally claims that these general claims were meant to generally defraud and mislead the public and/or the United States government.

It is absolutely impossible for Mr. Folsom defend himself against these 20 counts for several reasons.  First, he has no knowledge as to who the government's witnesses might have provided this information. Second, he is unaware of the type of representations that were being made to end-use purchases and/or the government. Third, it is impossible for Mr. Folsom to prove the truth of any alleged misrepresentations without knowing the specific representations that the government alleges to be false. Simply alleging general misrepresentations made to unspecified individuals *or* the government by unspecified person at some unknown time and then also implying that the government might rely on still other alleged misrepresentations is certainly not sufficient to allow Mr. Folsom to defend himself against these 20 counts.

Accordingly, Defendant, James Folsom, hereby respectfully requests a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).

## II. DISCUSSION

### A. General Law

In accordance with Fed. R. Crim. P. 7(f), a court may direct the filing of a bill of particulars in order to give a defendant more particular information about the details of the charges against him and to allow him to prepare his defense. *United States v. Diecidue,* 603 F.2d 535, 563 (5th Cir. 1979), *cert. denied sub nom., Gisport v. United States,* 445 U.S. 946 (1980). Such Bills of Particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs a

defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial. *United States v. Addonizio,* 451 F.2d 49, 62-62 (3rd Cir. 1971).

Rule 7(f), Fed. R. Crim. P., "...allows, in conjunction with the issuance of an indictment, for the filing of a bill of particulars - a more specific expression of the activities defendant is accused of having engaged in which are illegal." United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979); United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991).

Motions for a bill of particulars should be granted whenever an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial. United States v. Addonizio, 451 F.2d 49, 62-63 (3rd Cir. 1971).

The granting of a bill of particulars remains a discretionary matter with the trial court, and it is still "obviously a matter of degree how far an accused must be advised in advance of the details of the evidence that will be produced against him, and no definite rules are possible." United States v. Russo, 260 F.2d 849, 850 (2nd Cir.1958).

Federal courts have long recognized that trial judges must be allowed to exercise broad discretion in order to strike a prudent balance between the defendant's legitimate interest in securing information concerning the Government's case and numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the Government to commit itself to a specific version of the facts before it is in a position to do so. *See* e.g. United States v. Rosa, 891 F.2d 1063, 1066 (3rd Cir. 1989); United States v. Tarvers, 833 F .2d 1068, 1076 (1st Cir. 1987).

A bill of particulars should enable a defendant to prepare an adequate defense and to protect against a second prosecution for the same offense. United States v. Inryco, Inc., 642 F.2d 290, 295 (9th Cir. 1981) (citing Cook v. United States, 354 F.2d 529, 521 (9th Cir. 1965)). It is designed to appraise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy. United States v. Long, 706, F.2d 1044, 1054 (9th Cir. 1983) (citations omitted).

A bill of particulars should be granted where the matters requested are necessary to inform

3
**NOTICE OF MOTION FOR BILL OF PARTICULARS**

defendant of the charges against him with sufficient precision to enable him to prepare his defense and avoid surprise or necessary to enable defendant to plead a double jeopardy bar of further prosecution for the same offense. United States v. Gorel, 622 F.2d 100 (5th Cir. 1979), cert. denied, 445 U.S. 943 (1980); see also, United States v. Matos-Peralta, 691 F.Supp. 1988 (S.D.N.Y. 1988) (proper function of bill of particulars is to apprise defendant of charges against him with necessary precision so as to avoid unfair surprise at trial, and to preclude second prosecution for the same offense). See also, Grady v. Corbin, U.S. , 110 S.Ct. 2084 (1990). Bills of particulars are especially necessary in order to enable a defendant to adequately meet the charges against him and mount a competent defense. See, e.g., United States v. Taylor, 707 F.Supp. 696 (S.D.N.Y. 1989)(defendant charged with conspiracy to distribute drugs was entitled to bill of particulars stating names of all persons Government would claim at trial were co-conspirators, dates that each such defendant joined conspiracy, and approximate dates and locations of any meetings or conversations at which Government would contend defendant joined conspiracy, in order to allow defendant to prepare defense and to define crime charged sufficiently to bar future prosecution for the same offense); see also, United States v. Williams, 113 F.R.D. 177 (M.D. Fla. 1986)(motion for bill of particulars granted insofar as it sought a list of unindicted co-conspirators, at least when that information was not otherwise known to defendants).

When faced with a conspiracy indictment a bill of particulars is a proper procedure for discovering the names of unindicted co-conspirators who the Government plans to use as witnesses. United States v. Barrentine, 591 F.2d 1069 (5th Cir. 1979).

The simple fact that an indictment is sufficient is *not* an argument against granting a bill of particulars. *United States v. Debrow,* 346 U.S. 374, 378 (1953). Likewise, the fact that a defendant is aware of the general nature of the charges against him does not answer a defendant's request for a bill of particulars. *United States v. Gordon,* 780 F.2d 1165, 1172 (5th Cir. 1986). Indeed, Fed. R. Crim. P. 7(f) was amended in 1966 to "encourage a more liberal attitude by the courts toward bills of particulars." *See* Advisory Committee Note to 1966 amendment of Fed. R. Crim. P. 7(f).[1]

---

[1] Mr. Folsom acknowledge that motions for Bills of Particular must be made "within 10 days after arraignment" *unless the Court allows them to be made at a later time*. *See* Fed. R. Crim. P. 7(f). In this case, the Motion for a Bill of

4
**NOTICE OF MOTION FOR BILL OF PARTICULARS**

In this case, it is impossible for Mr. Folsom to prepare a proper motion to dismiss the fraud counts and/or to defend himself against these charges. For example, if the government is claiming Mr. Folsom defrauded the government as the basis for the fraud allegations, the counts should be dismissed because the government does not allege that the government, as the victim, was defrauded of money, property or honest services. *Cf. United States v. Walker,* 191 F.3d 326, 335 (2d Cir. 1999) (Scheme to defraud element of fraud prosecutions can be satisfied "when the defendant's scheme is intended to deprive its victims of `the intangible right of honest services...' or of the right to control their own assets"). On the other hand, if the government is claiming that the individual customers were defrauded, it is important for Mr. Folsom to know that so that the individual customers can be located and interviewed in order to determine whether, in fact, they were defrauded.

**"[A] request to particularize allegations of false statements, [is a request] which courts routinely award."** *United States v. Lino,* 2000 U.S. Dist. Lexis 18753, *20 (S.D.N.Y. January 20, 2001).

Just last year, the United States District Court for the Eastern District of California was faced with such a request. In *United State v. Trumpower,* 546 F.Supp. 2d 849 (E.D. Cal. 2008), the Court ordered that the government provide a Bill of Particulars providing, among other things, "in the case of mail or wire fraud, *the particular false material representations." Id* at 852 (emphasis added). The Court also ordered the Bill of Particulars to include "who were the victims of the crime." *Id.*

In *United States v. Trie,* 21 F.Supp. 2d 7 (D.D.C. 1998), the District Court for the District of Columbia was faced with a case in which a defendant was accused of making false statements in violation of 18 U.S.C. § 1001. The defendant sought, by way of a Motion for a Bill of Particulars, the particular statements the government alleged to be false. *Id.* at 21. The Court granted the motion:

> Particulars should be considered at this time. First, the government will not be prejudiced by such consideration. Indeed, in most cases, trial is held within 70 days of the arraignment. Nevertheless, in this case, a trial date has not been set . Second, the need to request a Bill of Particulars only became apparent after reviewing the discovery in this case and attempting to determine how to address the fraud charges included in the indictment and after reviewing 200 boxes of evidence. Moreover, there is discovery issues that are yet to be resolved and the government has yet to produce all material and potentially exculpatory evidence.

    Mr. Trie first requests that the government be required to identify the particular statements alleged to be false (and what about them is false), as well as the specific contributions alleged to be falsely reported. The government maintains that the requested information need not be provided in a bill of particulars because it has provided Mr. Trie with 45 pages of excerpts in which it represents that all the false statements at issue are contained. The problem is that these 45 pages contain 175 names along with a variety of information about each person or entity listed. The government contends that with due diligence Mr. Trie can readily identify which of the 175 names and what part of the related information constitute the actual false statements. This argument fails.

    Not only does the government's position presume that the defendant knows what the government alleges that he did and with whom he dealt and therefore has all the information he needs, a premise inconsistent with the presumption of innocence, but it smacks of gamesmanship. A defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against or which contributors may be witnesses against him at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information. *The government must provide information as to exactly what the false statements are, what about them is false, who made them,* and how Mr. Trie caused them to be made.

    *Id.* (citations and footnote omitted) (emphasis added).

  Similarly, in *United States v. Rogers,* 617 F.Supp. 1024 (D. Col. 1985), a defendant was charged with various fraud counts and requested a Bill of Particulars. In granting the request, the Court wrote:

    [T]he government must provide particularization of allegedly false statements made by defendants. General allegations of false statements and testimony are

6
**NOTICE OF MOTION FOR BILL OF PARTICULARS**

not sufficient. This criminal case should not differ from any civil matter where allegations of fraud and misrepresentations must be pleaded with particularity under Fed.R.Civ.P. 9(b). In fact, application of this rule in criminal cases is even more compelling than in civil matters because defendants' liberty interests are at stake. Accordingly, defendants' requests for particularization of allegedly false statements are granted. *The government must reveal the substance, date, time, and place of each false statement or concealment and the persons involved.* *Id.* at 1029 (citations and footnote omitted) (emphasis added).[2]

### III. CONCLUSION

In preparing to defend himself and in preparing substantive motions in this case, it has become

---

[2] *See also, United States v. Risk,* 672 F.Supp 346, 360 (S.D. Ind. 1987) ("Here, the indictment, while constitutionally adequate to inform the defendant of the offense charged, is insufficient to enable him to prepare for trial and to prevent surprise. The court does not expect the Government to provide a detailed evidentiary disclosure of such matters as names of witnesses or a complete explication of its theory of the case, but the court does expect, and hereby ORDERS, the Government to disclose to the defendant the specific portions, segments, or sentences of the bank report that are alleged to be and that the Government intends to prove are false."), *all' d,* 843 F.2d 1049 (7th Cr. 1988); *United States v. Konefal,* 566 F. Supp 698, 703 (N.D.N.Y. 1983) ("Count III charges the defendants with concealing material facts and causing to be made certain false statements concerning transactions in currency. Such actions are alleged to violate 18 U.S.C. §§ 1001, 1002 (1976). The Government has not alleged what statements it contends are false, nor has it alleged the material facts which it contends the defendants concealed. While the Government need not disclose the evidentiary details of its case, the Court fmds that defendants should be apprised of these basic details concerning count III.") ; *United States v. McCoy,* 492 F.Supp. 540, 545 (M.D. Fl. 1980) ("The defendant is entitled to a bill of particulars setting forth each false and fraudulent pretense and representation described generally in the indictment."); *United States v. Caine,* 270 F.Supp. 801, 806 (S.D.N.Y. 1967) (same); *United States v. Hughes,* 195 F. Supp. 795, 800 (S.D.N.Y. 1961) (Defendant in prosecution for mail fraud a was entitled to bill of particulars to state *alleged untrue statements by defendants,* the actual facts as opposed to alleged false statements, the dates of purchases or offers, and facts necessary to make statements not misleading..)

obvious to the defense that it simply can not mount a defense to charges that *some unknown person made some general statement to some unknown person or entity.* Therefore, Mr. Folsom request the Court to order the government to provide a Bill of Particulars as to Counts 1 through 20 setting forth:

1. The specific false and fraudulent representation(s) and/or promise(s) made in connection with each count of fraud. *See Trumpower, ,* 546 F.Supp. 2d at 852; *McCoy,* 492 F.Supp at 545; *Trie,* 21 F.Supp. at 21; *Rogers,* 617 F.Supp. at 1029; *Hughes,* 195 F. Supp. at 800.

2. The person(s) who allegedly made the particular representation(s) and/or promise(s) the government is/are claiming to be false in connection with each count of fraud. *See Rogers,* 617 F.Supp. at 1029 (Requiring the government to specify the "persons involved" in making the false statement.).

3. The person(s) or entity to whom the particular statement(s) and/or promise(s) the government alleges is/are false was/were made in connection with each count of mail fraud or wire fraud.. *Trumpower,* 546 F.Supp. 2d at 852 (Requiring specification of the "victims."); *Rogers,* 617 F.Supp. at 1029 (Requiring the government to specify the "persons involved" in making the false statement.).

Mr. Folsom respectfully requests this Court to order to the Government to file and serve a bill of particulars providing the above-requested information that is essential to protect Defendant's ability to understand the charges, to prepare proper defenses, to prevent prejudicial surprise and delays at trial, and to protect Defendant from subsequent prosecution for the same offenses.

Dated: September 29, 2008          Respectfully submitted,
                                   **LAW OFFICES OF CARLOS F. NEGRETE**


                                   _____ s/ Carlos F. Negrete _____
                                   Carlos F. Negrete, Esq
                                   Attorneys for James Folsom

# PROOF OF SERVICE

**United States v. James Folsom**
**Case No.: 08-CR-1092-JAH**

I, Carlos F. Negrete, declare under penalty of perjury, that I am a citizen of the United States, that my office address is as indicated below, that I am over the age of eighteen years, and that I am not a party to the above entitled action.

I further declare that on the date indicated below, I served the party listed below via electronic filing ECF System the following: **NOTICE OF MOTIONS AND MOTION FOR BILL OF PARTICULARS.**

Office of United States Attorney
Melanie Pearson, AUSA
880 Front Street
San Diego, CA  92101

Dated: September 8, 2008                    _____s/Carlos F. Negrete_____
                                            **Carlos F. Negrete**