Carlos F. Negrete, Esq. SBN # 134658
**LAW OFFICES OF CARLOS F. NEGRETE**
27422 Calle Arroyo
San Juan Capistrano, CA 92675-2747
Telephone (949) 493-8115
Telefax    (949) 493-8170

Attorney for Defendant, James Folsom

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-1092-JAH |
| Plaintiff, | *Hon. John A. Houston* |
| vs. | **NOTICE OF MOTION AND MOTION TO DISMISS FOR PROSECUTORIAL DELAY** |
| | Date:       September 29, 2008 |
| JAMES FOLSOM, | Time:       9:00 a.m. |
| Defendant. | Courtroom:  11 |

**TO THE HONORABLE JOHN A. HOUSTON; KAREN P. HEWITT, UNITED STATES ATTORNEY, AND MELANIE K. PEARSON, ASSISTANT UNITED STATES ATTORNEY:**

   **PLEASE TAKE NOTICE** that on September 29, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, the Defendant, James Folsom, by and through his attorneys, Carlos F. Negrete, will ask this Court to issue an order granting the his Motion to Dismiss on the basis of Prejudicial Prosecutorial Delay.

1
2  Dated: September 29, 2008					Respectfully submitted,
							**LAW OFFICES OF CARLOS F. NEGRETE**
3
4
5							_____s/ Carlos F. Negrete _____
							Carlos F. Negrete, Esq
							Attorneys for James Folsom
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

### STATEMENT OF FACTS

Without admitting to the facts as set forth herein, the Government alleges that James Folsom conspired together and with others to commit an offense against the United States, to wit: to introduce into interstate commerce a device that is adulterated in that it lacks approval for marketing from the Food and Drug Administration, in violation of Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).

The device in question is one that is fully legal and exempt from registration as the government incorrectly contends.

The government has been presumably investigating Mr. Folsom for approximately 10 years.

It is alleged that between on or about October 15, 2002, and continuing through on or about just prior to obtaining the Indictment, within the Southern District of California, James Folsom introduced into interstate commerce a device, to wit, the Energy Wellness machine, that is adulterated in that it lacks approval for marketing from the Food and Drug Administration, a misdemeanor, in violation of Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).

This has been nothing more that a *witch hunt* combined with a *fishing expedition*. It is clear that the government, through the F.D.A. is indignant that they cannot find a crime to punish Mr. Folsom with and has concocted the present case. Even though the government has struggled for 10 years to come up with some sort of illegality, it has yet to establish illegal conduct.

Historically, what is known of the Rife device was endorsed, and even sanctioned, by the government. It was developed by Royal Rife in the early part of the last century and has been around since then. The device itself has been *grandfathered* and is exempt from governmental regulation and control. This has apparently infuriated the government with its close ties to the pharmaceutical and medical cartels.

### LEGAL ARGUMENT

By its own admission, the government has been investigating this case for **over ten years**. In that time, several investigators have retired and a principal material witness has died.

The statute of limitations has passed years ago while the government sat idle and allowed Defendant, James Folsom ("Folsom") was lulled into a false sense of rightful conduct.

The landmark cases of *United States v Marion*, 404 U.S. 307 (1971) and *United States v. Lovasco*, 431 U.S. 783 (1976), established the proposition that unwarranted prosecutorial delay between offense or arrest and accusation can support a motion to dismiss, when the defendant has been prejudiced in his or her defense. The constitutional underpinning for this rule lies in the due process clause of the Fifth Amendment to the United States Constitution. As noted in *Barker v. Wingo*, 407 U.S. 514, 527 (1971), "a defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process."

Ninth Circuit authority construing *Marion* and *Lovasco* holds that a due process claim is tested by two "prongs" of inquiry. First, the defendant is obliged to prove "actual non- speculative prejudice from the delay". *United States v. Huntley*, 976 F. 2d 1287, 1290 (9th Cir. 1992). That is, defendant must demonstrate that lost witnesses or evidence "meaningfully has impaired his ability to defend himself'. *Huntley*, supra at 1290. Assuming a showing of prejudice, the length of delay must be shown to have offended "conceptions of justice which lie at the base of our civil and political institutions." *United States v. Sherlock*, 962 F. 2d 1349, 1353-54, (9th Cir. 1989), quoting *Lovasco*, supra at 790.

Folsom respectfully submits that the whole issue of prejudice must be tested in light of the holding in *Crawford v. Washington*, 541 U.S. 36 (2004). In *Crawford*, a defendant was found guilty of assault in part because of introduction of his wife's statement to an interviewing officer which inculpated the defendant. The wife was unavailable to testify by claiming the State's marital privilege against testifying against a spouse. Based an exhaustive analysis of the history of the "right of confrontation", the Court reversed the conviction, holding that "testimonial evidence" (the police interview) may not be admitted at a trial without violating the confrontation clause of the United States Constitution. The only exception recognized by the Court were statements by a now unavailable witness with whom the defendant has had the previous right of cross-examination. *Crawford*, supra at 49, 54, 59.

Based upon *Crawford*, the defense is clearly and unequivocally prejudiced by reference to Kim Bailey, who has now died and the numerous other witnesses that are unable to be located and

1  interviewed or even called as witnesses.

2  In addition to the *Crawford* issue, the key material witness who invented the present Rife
3  device has died.  The witness' <u>absence</u> of knowledge constitutes a critical element of defense to the
4  action which could have been more fully developed on cross-examination.

5  Regarding the delay in accusation of some ten years, Folsom would suggest that this delay has
6  no explanation, and offends notions of fundamental fairness, when the agents of the Government
7  deliberately reject a case, render the crucial witness unavailable, and then presume to prosecute at a
8  later date.

9  By virtue of the foregoing, counsel submits that defendant's due process rights have been
10 violated herein, and as such deprivation merits dismissal of Counts 1 through 20 of the Indictment.

11 **<u>CONCLUSION</u>**

12 The unexplained and unjustified delay in prosecution of this case demands dismissal of the
13 Indictment, in its entirety.   At the very least, the five year statute of limitations applies and the
14 government can provide no explanation to warrant prosecution of this belated prosecution.

16 Dated: September 29, 2008           Respectfully submitted,
                                       **LAW OFFICES OF CARLOS F. NEGRETE**

19                                     _____ s/ Carlos F. Negrete _____
                                       Carlos F. Negrete, Esq
                                       Attorneys for James Folsom

# PROOF OF SERVICE

**United States v. James Folsom**
**Case No.: 08-CR-1092-JAH**

I, Carlos F. Negrete, declare under penalty of perjury, that I am a citizen of the United States, that my office address is as indicated below, that I am over the age of eighteen years, and that I am not a party to the above entitled action.

I further declare that on the date indicated below, I served the party listed below via electronic filing ECF System the following: **NOTICE OF MOTIONS AND MOTION TO DISMISS FOR PROSECUTORIAL DELAY.**

Office of United States Attorney
Melanie Pearson, AUSA
880 Front Street
San Diego, CA  92101

Dated: September 8, 2008             _____s/Carlos F. Negrete_____
                                              **Carlos F. Negrete**