Carlos F. Negrete, Esq. SBN # 134658
**LAW OFFICES OF CARLOS F. NEGRETE**
27422 Calle Arroyo
San Juan Capistrano, CA 92675-2747
Telephone (949) 493-8115
Telefax    (949) 493-8170

Attorney for Defendant, James Folsom

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-CR-1092-JAH |
| Plaintiff, | *Hon. John A. Houston* |
| vs. | **NOTICE OF MOTION AND MOTION TO DISMISS BASED ON MULTIPLICITY** |
| JAMES FOLSOM, | Date:    September 29, 2008 |
| Defendant. | Time:    9:00 a.m. |
| | Courtroom:    11 |

**TO THE HONORABLE JOHN A. HOUSTON; KAREN P. HEWITT, UNITED STATES ATTORNEY, AND MELANIE K. PEARSON, ASSISTANT UNITED STATES ATTORNEY:**

**PLEASE TAKE NOTICE** that on September 29, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, the Defendant, James Folsom, by and through his attorneys, Carlos F. Negrete, respectfully will ask this Court to issue an order granting the his Motion to Dismiss pursuant to Rule 8 of the Federal Rules of Criminal Procedure and the Due Process and Double Jeopardy Clauses to the

Fifth and Sixth Amendments to the United States Constitution

Dated: September 29, 2008                Respectfully submitted,
                                         **LAW OFFICES OF CARLOS F. NEGRETE**


                                         _____s/ Carlos F. Negrete _____
                                         Carlos F. Negrete, Esq
                                         Attorneys for James Folsom

# MEMORANDUM OF POINTS & AUTHORITIES

## I.

## STATEMENT OF FACTS

Without admitting to the facts as set forth herein, the Government alleges that James Folsom conspired together and with others to commit an offense against the United States, to wit: to introduce into interstate commerce a device that is adulterated in that it lacks approval for marketing from the Food and Drug Administration, in violation of Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).

The device in question is one that is fully legal and exempt from registration as the government incorrectly contends.

The government has been presumably investigating Mr. Folsom for approximately 10 years.

It is alleged that between on or about October 15, 2002, and continuing through on or about just prior to obtaining the Indictment, within the Southern District of California, James Folsom introduced into interstate commerce a device, to wit, the Energy Wellness machine, that is adulterated in that it lacks approval for marketing from the Food and Drug Administration, a misdemeanor, in violation of Title 21, United States Code, Sections 331(a), 351(f), and 333(a)(1).

This has been nothing more that a *witch hunt* combined with a *fishing expedition*. It is clear that the government, through the F.D.A. is indignant that they cannot find a crime to punish Mr. Folsom with and has concocted the present case. Even though the government has struggled for 10 years to come up with some sort of illegality, it has yet to establish illegal conduct.

Historically, what is known of the Rife device was endorsed, and even sanctioned, by the government. It was developed by Royal Rife in the early part of the last century and has been around since then. The device itself has been *grandfathered* and is exempt from governmental regulation and control. This has apparently infuriated the government with its close ties to the pharmaceutical and medical cartels.

The indictment in this case repeatedly sets forth by different counts the same facts and charges, rather than incorporating one charge. It is believed that this is merely tactical to potential enhance the outcome.

**LEGAL ARGUMENT**

By its own admission, the government has been investigating this case for **over ten years**.

Even having the benefit of all that time, the government, in its Indictment, repeatedly sets forth redundant and duplicate counts and charges.

This motion is made on the grounds that the charging in 20 separate counts of the same criminal offense violates the principles of multiplicity contained within Rule 8 of the Federal Rules of Criminal Procedure and the Double Jeopardy Clause to the United States.

Rule 8(a) of the Federal Rules of Criminal Procedure states:

(a)     Joinder of Offenses.

> Two or more offenses may be charged in the same indictment or information and a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Thus, Rule 8(a) permits the joinder in a single indictment of two or more offenses under specified circumstances, provided that, in fact, the offenses charged are "two or more offenses." Conversely, the charging of one offense in two or more counts in an indictment contravenes the accepted parameters of Rule 8(a) and constitutes multiplicity.

Multiplicity is the charging of a single offense in separate counts of an indictment. *United States v. Hearod*, 499 F. 2d 1003, 1005 (5th Cir. 1974); *United States v. Hairrell*, 521 F.2d 1264, 1266 (6th Cir. 1975); *United States v. Chrane*, 529 F.2d 1236, 1237, fn.3 (5th Cir. 1976); *Federal Practice and Procedure*, Section 142, p. 306 (1969 Ed.).

In *United States v. Reed*, 639 F.2d 896 (2d Cir. 1981), the court noted the vice of improperly stacking the charges against a defendant:

> The vice in multiplicity of charges is that it may lead to multiple sentences for the same offenses and may improperly prejudice a jury by suggesting a defendant has committed not only one, but several crimes. (citations omitted) A typical multiplicity problem involves a statute which either creates a single offense for an act involving several potential victims, e.g. Mann Act, 18 U.S.C. section 2421, or describes several means by which a single offense may be committed, see e.g., bank robbery statute, 18 U.S.C.

section 2113. In either of these instances, to use several counts in charging a violation of the statute may be multiplicitous.

*United States v. Reed*, sum, at page 903.

In *United States v. Ketchum*, 320 F.2d 3 (2d Cir. 1963), the Court of Appeals recognized the additional prejudice of reading a multiplicitous indictment to the jury prior to the trial:

> The basis for requiring even an election among counts is not at all that the defendant may otherwise face multiple sentences. Decision as to the unit of punishment is not controlled by the form of the indictment...The reasons for requiring the government to elect among counts in some cases are, rather, primarily those of promoting the order and efficiency of the trial and avoiding the risk that the prolix pleading may have some psychological effect upon a jury by suggesting to it that the defendant has committed not one but several crimes.

*United States v. Ketchum*, supra, at page 8.

In *United States v. Carter*, 576 F.2d 1061 (3d Cir. 1978), the Third Circuit set forth the test for determining the existence of multiplicity in an indictment:

> The basic inquiry in determining whether counts of an indictment are truly separate, and not multiplicitous, is whether proof of one offense charged requires an additional fact that proof of the other offense does not necessitate. (citations omitted) Also of central importance is whether the legislature intended to make separately punishable the different types of conduct referred to in the various counts.

*United States v. Carter*, supra, at page 1064.

In applying the above cited test, the court in *United States v. Chrane*, 529 F.2d 1236 (5th Cir. 1976), noted that an indictment charging Chrane with failing to file form 1040 returns and failing to supply information on the form 1040's for the same years, was multiplicitous and prejudicial. The court reasoned that by virtue of a single incident failing to file a tax return—the Government could establish both willful failure to file a return and willful failure to supply certain information on a return in violation of two separate Internal Revenue Code sections. Consequently, the court remanded the case to compel the prosecution to elect which counts to prosecute:

> The matter hardly seems even ambiguous, (citations omitted) but if it is, doubt must be resolved against turning a single transaction into a multiple offense.

*United States v. Chrane*, supra, at page 1238.

In *Albernaz v. United States*, 450 U.S. 333 (1981), the Supreme Court addressed the issue of

3
**MOTION TO DISMISS BASED ON MULTIPLICITY**

multiplicity where separate conspiracy statutes were involved. There, the defendants were convicted of separate counts of conspiracy to import marijuana in violation of Title 21 U.S.C. section 963, and of conspiracy to distribute marijuana in violation of Title 21 U.S.C. section 846. In holding that by enacting two separate statutes, Congress intended consecutive punishment even though the violations arose from a single conspiracy having multiple objectives, the court set forth the applicable standard for judging multiplicitous pleadings. A three pronged test was utilized starting with the language of the statutory provision. If separate statutes unambiguously authorize punishment for a violation of its terms, ordinarily it is to be inferred that Congress intended to authorize punishment under separate provisions. Next, the court must determine whether the offenses are sufficiently distinguishable from one another to permit a reasonable inference that Congress intended to authorize multiple punishments. This element is satisfied by the application of the *Blockburger* test (*Blockburger v. U.S.*, 284 U.S. 299 (1932) wherein the individual elements of each offense are compared. If one offense requires proof of a unique element, then the separate charging of offenses is not to be construed as multiplicity. If this test is satisfied, the court should presume that multiple punishments are authorized.

Finally, this presumption must be tested against the legislative history of the relevant provision to ascertain if a contrary intention is disclosed. If the legislative history either reveals an intent to authorize cumulative punishments or is silent on the subject, the court should conclude that Congress intended to authorize multiple punishments. The court expressly distinguished the test where two conspiracy statutes are involved from the situation in which but a single conspiracy statute is alleged as in *Braverman v. United States*, 317 U.S. 49 (1942).

The Indictment, in this case, suggest a conspiracy to defraud in which Folsom purportedly participated with other unindicted co-conspirators.

The essence of a conspiracy offense is an illegal agreement to commit an unlawful act. *Ianelli v. United States*, 420 U.S. 770 (1975); *Kerrigan v. United States*, 644 F.2d 47 1st Cir. 1981). A single agreement to commit more than one criminal act is still a single agreement and may not be prosecuted as more than one conspiracy. *Braverman v. United States*, 317 U.S. 49 (1942).

It is clear that the Government may not subdivide a single agreement into several agreements and hence several conspiracies simply because the agreement contemplates the

violation of various penal statutes. *United States v. Solano*, 605 F.2d 1141 (9th Cir. 1979). Such action is prohibited by both Rule 8 F.R.Cr.P. and the Due Process Clause.

## CONCLUSION

The redundancy and multiplicity of the charges and separate counts demands either an all out dismissal of the duplicative counts or a Court ordered refinement of the Indictment to set forth which counts should still remain.

Dated: September 29, 2008              Respectfully submitted,
                                       **LAW OFFICES OF CARLOS F. NEGRETE**


                                       _____s/ Carlos F. Negrete _____
                                       Carlos F. Negrete, Esq
                                       Attorneys for James Folsom

# PROOF OF SERVICE

**United States v. James Folsom**
**Case No.: 08-CR-1092-JAH**

I, Carlos F. Negrete, declare under penalty of perjury, that I am a citizen of the United States, that my office address is as indicated below, that I am over the age of eighteen years, and that I am not a party to the above entitled action.

I further declare that on the date indicated below, I served the party listed below via electronic filing ECF System the following: **NOTICE OF MOTIONS AND MOTION TO DISMISS - MULTIPLICITY.**

Office of United States Attorney
Melanie Pearson, AUSA
880 Front Street
San Diego, CA  92101

Dated: September 8, 2008                              _____s/Carlos F. Negrete_____
                                                                                    **Carlos F. Negrete**